Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
(208) 359-5532
ryanballardlaw@gmail.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEPHANIE BALLARD,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NORTH SHORE AGENCY, LLC,<br>a New York limited liability company,<br>COLLECTO, INC.,<br>a Massachusetts corporation doing business<br>as EOS CCA,<br><br>　　　　　　Defendants. | Case No.: 4:15-cv-334<br><br>**COMPLAINT** |

COMES NOW the Plaintiff Stephanie Ballard, by and through her counsel of record, Ryan A. Ballard of Ballard Law, PLLC, and alleges his causes of action against Defendants as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Stephanie Ballard is a natural person residing in Rexburg, Madison County, Idaho, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

**Complaint - Page 1 of 3**

3. Defendant North Shore Agency, LLC is a New York limited liability company engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 270 Spagnoli Rd., Suite 110, Melville, NY 11747.

4. North Shore Agency is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. Defendant Collecto, Inc. is an Massachusetts corporation doing business as EOS CCA engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 700 Longwater Dr., Norwell, MA.

6. Collecto is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

## GENERAL ALLEGATIONS

9. Near the beginning of 2015, Mrs. Ballard spoke to an authorized representative of Verizon regarding home internet service.

10. She agreed to use Verizon's home internet service.

11. For reasons not relevant to this action, Mrs. Ballard was unhappy with her service.

12. After cancellation of the service, Mrs. Ballard was sent a bill for $1,414.76.

13. Through counsel, Mrs. Ballard sent a letter on April 14, 2015, to Verizon (Exhibit A) offering $300 as settlement in full on the account.

14. On April 21, 2015, Verizon deposited the check into its bank account.

15. That check was clearly marked "settlement in full" in the memo line.

16. Verizon made no efforts to dispute that an accord and satisfaction had been reached with Mrs. Ballard.

17. On or about June 10, 2015, North Shore Agency sent a letter (Exhibit B) to Mrs. Ballard demanding payment of $1,114.76.

18. On or about July 31, 2015, Collecto sent a letter (Exhibit C) to Mrs. Ballard demanding payment of $1,114.76.

### COUNT I: VIOLATION OF FDCPA - MISREPRESENTATIONS

19. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

20. 15 U.S.C. § 1692e prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt.

21. More specifically, 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

22. Both North Shore Agency and Collecto misrepresented the character, amount, or legal status of Mrs. Ballard's debt when they requested $1,114.76 despite Verizon's acceptance of payment in full for less than the balance allegedly owed.

23. Mrs. Ballard is entitled to statutory damages due to Defendants' violation.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. Statutory damages up to $1,000.00 per defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A),

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3),

C. In the event of default judgment, for attorney fees in the amount of $2,000.00,

D. For such other and further relief as may be just and proper.

DATED: August 20, 2015

/s/ Ryan A. Ballard
Ryan A. Ballard
Ballard Law, PLLC